IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>CHARLES M. SIMET,<br><br>　　　　　　　　Defendant. | 8:02-CR-403<br><br>**MEMORANDUM AND ORDER** |

　　This matter comes before the Court on Defendant's Motion for a hearing on or reduction of his term of supervised release. Filing 65. On June 5, 2003, Defendant pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841. Filing 51 at 1. The Court sentenced him on September 9, 2003, to a term of 188 months' incarceration followed by four years of supervised release. Filing 51 at 2-3. Upon finishing his term of incarceration, Defendant now seeks a hearing on or the termination of his term of supervised release because he has "become a productive and positive person" and has changed. Filing 65 at 1.

　　The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release. *United States v. El Herman*, 971 F.3d 784, 786 (8th Cir. 2020) (quoting 18 U.S.C. § 3583(e)(1)). The Court may do so after considering the factors set forth in 18 U.S.C. 3353(a), "the conduct of the defendant released," and "the interest of justice." 18 U.S.C. § 3583(e)(1).

　　The Court concludes that a hearing on this matter is unnecessary because, assuming Defendant has complied with all conditions of supervised release and demonstrating good conduct, reducing his term of supervised release would be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a), including the "nature and circumstances of the offense," "history and

1

characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." Because the Court finds that reducing Defendant's term of supervised release would be contrary to 18 U.S.C. § 3553(a) and the interest of justice, Defendant's Motion is denied.

IT IS ORDERED:

1. Defendant's Motion (Filing 65) is denied;
2. The Clerk of Court shall mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 14th day of October 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge